IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STACY O. JACKSON                                                                                              PLAINTIFF

v.                              Civil No. 5:22-cv-05217

BANK OF AMERICA                                                                                          DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Stacy Jackson ("Jackson") has filed this lawsuit purportedly under Ark. Code Ann. § 16-13-201. He proceeds *pro se* and *in forma pauperis* ("IFP"). The case is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2).

### I.  BACKGROUND

According to the allegations of the Complaint, the Bank of America allowed an "unauthorized individual to deposit [Jackson's] social security check with a forged and unsigned power of attorney on 10-18-2017 for the amount of [$]6,975." (ECF No. 1 at 1). Jackson was at the time incarcerated. *Id.* Once Jackson was released, he made "inquiries in person to the bank in 2017-2018 about the fraud activity [and] the bank refused to reimbu[r]se [his] account." *Id.*

### II.  APPLICABLE STANDARD

The Court is obligated to screen an IFP case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating

1

whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III.  DISCUSSION

The threshold issue is whether the Court has subject matter jurisdiction. Jackson maintains the Court has subject matter jurisdiction pursuant to Ark. Code Ann. § 16-13-201. This statute, however, sets forth the appellate jurisdiction of the circuit courts in the State of Arkansas. It has no applicability to federal court. Jackson also has alleged the parties are of diverse citizenship which is one of two elements required to be established for exercise of this Court's subject matter jurisdiction.

To establish diversity jurisdiction, Jackson would have to establish: (1) that the parties are citizens of different states (i.e., diverse); and (2) that the amount in controversy exceeds $75,000 exclusive of costs and interest. 28 U.S.C. § 1332(a). As noted, Jackson alleges he is a citizen of Arkansas, and that Bank of America is a citizen of Delaware, meeting the first prong of the test.

Turning to the second element, and liberally construing Jackson's allegations, he has alleged possible actions for breach of contract and fraud.[1] In assessing the amount in controversy, the court may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent" that the

---

[1] The Complaint also contains a heading "Discrimination Claim." However, Jackson does not allege he is a member of a protected class or any other basis for a discrimination claim. The Court also notes Jackson filed a prior case in this Court, *Jackson v. Bank of America,* Civil No. 5:22-cv-05105, involving the same facts, although much more detailed, asserted in this case. The case was dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on August 28, 2022. The Court declined to exercise supplemental jurisdiction over the breach of contract claim.

jurisdictional amount is in controversy. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062-63 (11th Cir. 2010)(cleaned up). Given that this case involves a single deposit in the amount of $6,975, the Court does not believe that any reasonable deduction can be made that the jurisdictional amount "exceeding" $75,000 in controversy can be met. Because Jackson can establish only one element of this Court's diversity jurisdiction under 28 U.S.C. §1332(a), this Court – designed to be one of limited jurisdiction – cannot permit Jackson to proceed with his claim in federal court.

### IV. CONCLUSION

For the reasons stated, it is recommended that this case be dismissed without prejudice for lack of subject matter jurisdiction.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 20th day of October 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE